1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    ORLANDO GARCIA,

8                     Plaintiff,                    Case No.  22-cv-00919-PJH

9              v.
                                                   **ORDER**
10   ESTHER GOMEZ, et al.,                          Re: Dkt. No. 19

11                    Defendants.

12

13

14          The court is in receipt of defendants' request to continue the hearing set for their

15   motion to dismiss.  The request is procedurally defective, as it should have been filed as

16   a motion for administrative relief pursuant to Civil Local Rule 7-11 and it should have

17   been filed further in advance of the hearing date for defendants' motion.  However,

18   considering defense counsel's trial obligations and good cause appearing, the court

19   GRANTS the request.  The hearing on defendants' motion to dismiss (Dkt. 13) is hereby

20   continued to a future date.

21          Defendants' motion to dismiss is based on a factual challenge to plaintiff's

22   standing to pursue injunctive relief under the Americans with Disabilities Act.  See D'Lil v.

23   Best W. Encina Lodge & Suites, 538 F.3d 1031, 1037 (9th Cir. 2008).  In their moving

24   papers, defendants raise several factual issues related to plaintiff's likelihood of returning

25   to their place of public accommodation, and they request an evidentiary hearing limited to

26   the issue of standing. Dkt. 13-1 at 19.  The court GRANTS this request.  See Hohlbein v.

27   Hosp. Ventures LLC, 248 F. App'x 804, 806 & n.2 (9th Cir. 2007) ("because the

28   evidentiary burden to demonstrate standing remains on [plaintiff], the district court may

United States District Court
Northern District of California

1   revisit the issue of standing in an evidentiary hearing or at trial, where the controverted

2   facts 'must be supported adequately by the evidence adduced' there." (quoting <u>Lujan</u>,

3   504 U.S. at 561)).

4       The evidentiary hearing will take place on July 7, 2022, at 1:30pm via Zoom.  The

5   court will "examine factors such as (1) the proximity of defendant's business to plaintiff's

6   residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of

7   plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant."

8   <u>Johnson v. Mantena LLC</u>, No. 5:19-CV-06468-EJD, 2020 WL 1531355, at *4 (N.D. Cal.

9   Mar. 31, 2020) (citation and quotation marks omitted).  Plaintiff is ORDERED to appear.

10  The court will determine after the evidentiary hearing whether further briefing or hearing

11  on the motion to dismiss is necessary.

12      **IT IS SO ORDERED.**

13  Dated: June 1, 2022

14                              */s/ Phyllis J. Hamilton*_____

15                              PHYLLIS J. HAMILTON
                                United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California